CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 26 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ABDUL-HAMZA WALI MUHAMMAD, | ) | CASE NO. 7:14CV00529 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | |
| ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

Abdul-Hamaz Wali Muhammad, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. As amended by order entered October 24, 2014, his complaint alleges the following claims against prison officials at Red Onion State Prison: (1) Muhammad was misclassified on May 21, 2014; (2) Muhammad is not receiving a diet consistent with his religious beliefs; (3) Muhammad did not receive a feast meal at the end of Ramadan 2014; (4) a disciplinary hearing officer wrongfully found Muhammad guilty of fighting after Inmate Bratcher attacked him on January 5, 2014; (5) officers failed to intervene to protect Muhammad during the January 5 attack; and (6) a disciplinary hearing officer denied Muhammad due process on July 23, 2014, on a charge that Muhammad urinated in a classroom. Muhammad is temporarily confined at Sussex I State Prison, where he was transferred for medical reasons. He now moves for a preliminary injunction directing unidentified prison officials not to transfer him back to Red Onion or any nearby prison. After review of the record, the court denies his motion.

In the present motion, Muhammad says he fears for his life if he is transferred back to the western part of Virginia, based on the following alleged events. After Inmate Bratcher attacked Muhammad on January 5, 2014, at Red Onion, Muhammad was charged with fighting Bratcher.

Muhammad later obtained a written statement from Bratcher, who denied that Muhammad had fought with him that day. Bratcher stated that he attacked Muhammad because former correctional officer T. Thompson gave him false information that Muhammad was a snitch. Muhammad states that prison investigators did a "shoddy" investigation of the January 5 incident and wrongly accused another gang member of putting a "hit" on Muhammad's life. Muhammad asserts that these events leave him in danger of being killed if he is returned to Red Onion.

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part by 607 F.3d 355, 355 (4th Cir. 2010) (citing Winter, 555 U.S. at 20). Moreover, plaintiff must show more than a "possibility" of irreparable harm—rather, he must show that imminent, "irreparable injury is likely in the absence of an injunction." Winter, 555 U.S. at 22 (emphasis in original). Finally, "a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997); In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003).

Muhammad makes none of these showings. First, his allegations do not show any likelihood that his transfer back to Red Onion is imminent, or that the past gang "hit" on his life at Red Onion is still in effect. The court cannot issue injunctive relief based on Muhammad's mere speculation that he would still be in danger at Red Onion. Second, Muhammad does not

2

indicate that he has filed administrative remedies at Sussex to inform authorities of specific reasons that a transfer to Red Onion would endanger his life. Indeed, until he has exhausted administrative remedies on this issue, he cannot bring any court action about it. See 42 U.S.C. § 1997e(a). Moreover, until he has given prison officials the necessary information and time to address his concern, he cannot show that court intervention is his only means for relief. Third, Muhammad has made no showing that the requested injunction to prevent his transfer is warranted by the balance of equities or serves the public interest. It is well established that courts must generally avoid entanglement in prison management decisions. Finally, Muhammad fails to designate any party to this lawsuit who has any personal involvement in prison transfer decisions, toward whom the requested injunction could be directed.

For these reasons, the court must deny plaintiff's motion for interlocutory injunctive relief. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 26th day of January, 2015.

_____
Chief United States District Judge