CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 02 2015

JU_____ ___ __ CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| ABDUL-HAMZA WALI MUHAMMAD, | ) | CASE NO. 7:14CV00529 |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | |
| ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| **Defendant(s).** | ) | |

Abdul-Hamaz Wali Muhammad, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that officials at Red Onion State Prison have violated his constitutional rights.[1] Muhammad is now temporarily confined at Sussex I State Prison, where he was transferred for medical reasons. He has submitted stacks of documents and motions, many with confusing names and unclear purpose. This practice is greatly hindering the court's ability to adjudicate his claims. All these motions must be denied.

The majority of Muhammad's motions are difficult to read or understand. The court liberally construes several of his motions and submissions as attempting to add new claims and defendants, reinstate previously deleted claims, or add new exhibits to the first amended complaint, which the defendants have already answered. The court denied a previous round of similar amendments and granted Muhammad an opportunity to submit a unified amended complaint instead, which he failed to do. His current motions to amend, piecemeal (ECF Nos.

---

[1] Muhammad's current complaint, as amended and served on the defendants by order entered October 24, 2014, alleges the following claims against prison officials at Red Onion State Prison: (1) Muhammad was misclassified on May 21, 2014; (2) Muhammad is not receiving a diet consistent with his religious beliefs; (3) Muhammad did not receive a feast meal at the end of Ramadan 2014; (4) a disciplinary hearing officer wrongfully found Muhammad guilty of fighting after Inmate Bratcher attacked him on January 5, 2014; (5) officers failed to intervene to protect Muhammad during the January 5 attack; and (6) a disciplinary hearing officer denied Muhammad due process on July 23, 2014, on a charge that Muhammad urinated in a classroom.

75, 79, 84, 85, & 90) will be denied.[2] Muhammad is clearly on notice that the court will not allow him to build or renovate his complaint by submitting multiple, partial amendments, documents, or random affidavits that do not bear any clearly identified relationship to a pending claim.

The court also construes several of Muhammad's submissions as seeking interlocutory injunctive relief and/or judgment as a matter of law. ECF Nos. 78, 82, 83, 86, 87, 88, and 89 restate claims as raised in the first amended complaint and demand judgment in Muhammad's favor.

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated on other grounds, 559 U.S. 1089 (2010), reinstated in relevant part by 607 F.3d 355, 355 (4th Cir. 2010) (citing Winter, 555 U.S. at 20).

Muhammad makes none of these showings. For example, he fails to demonstrate any irreparable injury that he will suffer if the court does not immediately grant judgment in his favor, as he demands. Moreover, defendants have filed an answer disputing all of his claims, and the court cannot find from the current record that none of these facts are material, or that Muhammad is entitled to judgment as a matter of law. Accordingly, all of Muhammad's motions seeking interlocutory relief directing judgment for him will be denied.

---

[2] Attached to ECF No. 79 are the very documents that the court previously returned to him as inappropriate motions.

2

ECF No. 91 renews Muhammad's prior request for an interlocutory injunction directing unidentified prison officials at Sussex I not to transfer him back to Red Onion or any prison near Red Onion. This motion will also be denied. Muhammad fails to designate any party to this lawsuit who has any personal involvement in prison transfer decisions, toward whom the requested injunction could be directed. "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997); In re Microsoft Antitrust Litig., 333 F.3d 517, 526 (4th Cir. 2003). Moreover, because Sussex I is located within the jurisdiction of the United States District Court for the Eastern District of Virginia

Finally, in ECF No. 92, Muhammad seeks to reinstate Claim 2, alleging that the common fare diet provided to him now is inconsistent with his Nation of Islam dietary beliefs. Because this claim remains a part of the first amended complaint, the court denies the motion to reinstate it. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and counsel of record for the defendants.

ENTER: This _27th_ day of February, 2015.

_____
Chief United States District Judge

3