UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 16-6208
(7:14-cv-00529-GEC-JCH)

———————————

ABDUL-HAMZA WALI MUHAMMAD

    Plaintiff - Appellant

v.

COMMONWEALTH OF VIRGINIA; HAROLD W. CLARKE; DEBRA D. GARDNER; A. DAVID ROBINSON; GEORGE K. WASHINGTON; P. SCARBERRY, FODA; RANDALL CHARLES. MATHENA; JOHN F. WALRATH; SHERRI SHORTRIDGE; JEFFREY C. ARTRIP; A. J. GALLIHAR; DEWAYNE A. TURNER; STACY L. DAY; REANNE KEGLEY; CMC JACKSON; PAUL MOCERI, QMHP Senior; S. FLETCHER, MED/QMHP; LIEUTENANT C. STANLEY; SERGEANT ERIC ANTHONY MILLER; SERGEANT CLINTON DEEL; JOHN MESSER; ALL DUAL TREATMENT TEAM MEMBERS; J. W. COYLE; C. BISHOP; A. J. VAUGHAN; LIEUTENANT STEVEN B. FRANKLIN; LIEUTENANT JAMES LYALL; LARRY W. JARVIS; JOHN MCQUEEN; SGT. C. DIXON; UNIT MANAGER TORI M. RAIFORD; MISSY L. COUNTS; CAPT. D. STILL; RENA I. MULLINS; A. MURPHY; B. AKERS; D. WILLIAMS; LARRY I. MULLINS; N.H. COOKIE SCOTT; BRIAN KEITH DAWKINS; HELEN SCOTT RICHESON; ADINA POGUE, Chief Operational Officer Regional; MARK E. ENGELKE; GERALDINE G. BAKER; LIEUTENANT JUSTIN KISER; GEORGE HINKLE

    Defendants - Appellees

---

## J U D G M E N T

---

In accordance with the decision of this court, this appeal is dismissed.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-6208,     <u>Abdul-Hamza Muhammad v. Commonwealth of Virginia</u>
7:14-cv-00529-GEC-JCH

———————

NOTICE OF JUDGMENT

———————

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available from the clerk's office or from the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE**: In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).