CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 13 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ABDUL-HAMZA WALI MUHAMMAD, | CASE NO. 7:14CV00529 |
| Plaintiff, | |
| v. | |
| RANDALL CHARLES MATHENA, ET AL., | |
| | |
| ABDUL-HAMZA WALI MUHAMMAD, | CASE NO. 7:16CV00034 |
| Plaintiff, | |
| v. | |
| DR. HAPPY EARL SMITH, ET AL., | |
| Defendant(s). | |
| | |
| ABDUL-HAMZA WALI MUHAMMAD, | CASE NO. 7:16CV00223 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| DR. HAPPY EARL SMITH, ET AL., | |
| | By: Glen E. Conrad |
| Defendant(s). | Chief United States District Judge |

Abdul-Hamza Wali Muhammad, a Virginia inmate proceeding pro se, has filed a document titled: "ORDER TO SHOW CAUSE FOR AN PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER PURSUANT TO RULE 65 of Fed. R. of CIV. PROC." The court construes this submission as a motion for interlocutory injunctive relief. The heading of the motion lists the case numbers for three civil actions Muhammad is currently pursuing, despite this court's prior order advising him that this practice is improper. MUHAMMAD IS ADVISED THAT IF HE SUBMITS ANY FUTURE PLEADING WITH

MULTIPLE CASE NUMBERS IN THE HEADING, IT WILL BE SHREDDED UPON RECEIPT. Because his current motions (identical in each of the three listed cases) are utterly without merit, however, they must be denied.

Muhammad contends that he is entitled to court intervention based on the following recent events: officers allegedly threatened Muhammad that they would have him "'raped' in Phase 2 by Gary Gorham (BoBilly) [known for raping previous cellmates] [be]cause [Muhammad] won't denounce Islam, change [his] Islamic name, join Christianity, and stop filing lawsuits"; two officers allegedly filed false disciplinary charges against Muhammad in retaliation for his filing lawsuits and/or complaint forms about other officials; on May 24, 2016, Officer Quillen allegedly called Muhammad racially offensive names and threatened that he and another officer would "jump" Muhammad in a classroom with no cameras; on May 26, 2016, an officer allegedly threatened to "slam [Muhammad] face down"; and officers allegedly threatened to withhold showers, outside recreation, and religious meals. Muhammad contends that these threats are real, based on two rectal exams performed on him in 2015 by a doctor—exams that Muhammad has characterized as rapes. He also alleges that in another pending lawsuit, he has "already proven" that he "was set up to be attacked [be]cause a officer labeled [him] a 'snitch.'" Based on these allegations, Muhammad demands a court order directing prison officials to transfer him permanently away from Red Onion.

Because interlocutory injunctive relief is an extraordinary remedy, the party seeking the preliminary injunction must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest."[1]  <u>Winter v. Natural Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied. <u>Id.</u> "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with" the fact that injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Id.</u> at 22 (citation omitted). Thus, plaintiff must show more than a "<u>possibility</u>" of irreparable harm—rather, he must show that imminent, "irreparable injury is <u>likely</u> in the absence of an injunction." <u>Id.</u> (emphasis in original).

Muhammad's motion for interlocutory relief does not demonstrate any likelihood that he will suffer irreparable harm without prompt court intervention or any likelihood of success on the merits of claims related to these allegations. First, he alleges that officers made verbal threats to withhold privileges, to harm him, or to allow him to be harmed and called him racially offensive names. Such conversations, if they occurred, are unprofessional and disrespectful, but they do not represent a violation of Muhammad's constitutional rights. <u>Henslee v. Lewis</u>, 153 Fed. App'x 179, 179 (4th Cir. 2005) (citing <u>Collins v. Cundy</u>, 603 F.2d 825, 827 (10th Cir. 1979) (finding that allegations of verbal abuse and harassment by guards, without more, do not state any constitutional claim). Moreover, Muhammad's motion itself reflects that the officers' alleged threats were empty ones. The court cannot find that Muhammad's stated fears of retaliatory physical attacks arising from these alleged threats are sufficient evidence of imminent, irreparable harm worthy of the requested interlocutory relief.

---

[1] Muhammad also requests a temporary restraining order. Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. <u>See</u> Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that Muhammad is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

Second, Muhammad alleges that officers brought false disciplinary charges against him. Such assertions alone do not give rise to any constitutional claim actionable under § 1983. See Richardson v. Ray, 492 Fed. App'x 395, 396 (4th Cir. 2012) (finding that absent some evidence that challenged disciplinary conviction was improperly obtained, inmate's assertion that charge was false cannot state § 1983 claim); Freeman v. Rideout, 808 F.2d 949, 952-53 (2d Cir. 1986) (holding that, so long as certain procedural requirements are satisfied, mere allegation of falsified evidence or misconduct reports, without more, does not state a claim).

Third, Muhammad clearly filed this motion for interlocutory injunctive relief before exhausting administrative remedies, regarding the officers' challenged actions. It is well established that under 42 U.S.C. § 1997e(a), a prisoner cannot bring any court action concerning prison conditions until he has first exhausted available administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002).

Finally, Muhammad has not met the third and fourth elements of the Winter analysis. The court cannot find that prison budgetary needs or the public interest will be served by the court's participation in the process of deciding whether Muhammad can be safely incarcerated at Red Onion.

As Muhammad has failed to make the necessary factual showings for interlocutory injunctive relief of any kind, his motions for such relief will be denied. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 13th day of June, 2016.

*[signature]*
Chief United States District Judge