CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 27 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ABDUL-HAMZA WALI MUHAMMAD, | ) | CASE NO. 7:14CV00529 |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| RANDALL CHARLES MATHENA, ET AL., | ) | By: Glen E. Conrad<br>Chief United States District Judge |
| Defendants. | ) | |

In accordance with the accompanying memorandum opinion, it is hereby

**ADJUDGED AND ORDERED**

as follows:

1. After the court's de novo review of the pertinent portions of the report and the record, the plaintiff's objections to the report and recommendation on spoliation (ECF No. 207) and the report and recommendation on Claim 1 (ECF No. 208) are **OVERRULED**, and both reports are **ADOPTED**;

2. The plaintiff's pending motion for judgment as a matter of law as to Claim 5 (ECF No. 210) and his motion seeking to pursue a separate spoliation claim for damages (ECF No. 213) are **DENIED** as without merit;

3. The defendants' supplemental motion for summary judgment on Claim 1 (ECF No. 175) is **GRANTED**, and the clerk shall **TERMINATE** the following defendants as parties to this lawsuit: Mathena, Day, and Kegley;

4. The clerk shall **SCHEDULE** this matter for trial before a seven-member advisory jury at the court's earliest convenience, as to Claim 5, alleging that on January 5, 2013, defendants Coyle and Bishop failed to intervene to protect the plaintiff from another inmate's physical assaults; and

5. Based on findings and conclusions that prison officials negligently allowed spoliation of certain video footage relevant to plaintiff's Claim 5, the defendants to that claim are subject to the following sanctions at trial: (a) the defendants are **PROHIBITED** from putting on evidence regarding the plaintiff's disciplinary charges or conviction arising from the January 5, 2013, incident (to the extent such evidence would otherwise be admissible), or to the actual contents of the video footage itself, including the written decision rejecting the plaintiff's disciplinary appeal; and (b) the court **SHALL** instruct the jury that a recording of the January 5 altercation was made, the plaintiff requested that

it be preserved, but it was subsequently lost through no fault of the plaintiff, and the jurors should not assume that the lack of corroborating objective evidence undermines the plaintiff's version of events surrounding the fight.

The Clerk is directed to send copies of this order and the accompanying memorandum opinion to Judge Hoppe, to Muhammad, and to counsel of record for defendants.

**ENTER:** This 27th day of January, 2017.

*/s/ Glen Conrad*
Chief United States District Judge